Carmen J. DiMaria, Esq.
Michael J. Riccobono, Esq.
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 656-1600
Fax: (973) 656-1611
carmen.dimaria@odnss.com
michael.riccobono@odnss.com
*Attorneys for Defendants,*
*Norton Lilly International, Inc. and Eugene Do*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY MILLS, | Hon. _____ |
| Plaintiff, | Case No.: _____ |
| v. | |
| NORTON LILLY INTERNATIONAL, INC., EUGENE DO, XYZ CORPS 1-10 (fictitious entities), JOHN DOES 1-10 (fictitious entities), JANE DOES 1-10 (fictitious entities), | **NOTICE OF REMOVAL** |
| Defendants. | |

**TO:** Honorable Judges of the United States District Court
District of New Jersey
Martin Luther King, Jr.
Federal Building and Courthouse
50 Walnut Street
Newark, New Jersey 07102

**HONORABLE JUDGES**:

Defendants Norton Lilly International, Inc. ("Norton Lilly") and Eugene Do (collectively, "Defendants") notice the removal of this action pursuant to 28 U.S.C. §1331, §1441 and § 1446 *et seq.*, to the United States District Court for the District of New Jersey, and as grounds therefore show as follows:

## TIMELINESS OF REMOVAL

1. On October 19, 2016, Plaintiff Kimberly Mills ("Plaintiff") filed a civil action against Defendants in the Superior Court of New Jersey, Middlesex County, entitled *Kimberly Mills v. Norton Lilly International, Inc., et al.,* Docket No. MID-L-6209-16 ("the State Court Action"). Copies of the Summons and Complaint are attached as Exhibit A, as required under 28 U.S.C. § 1446(a). These are the only process, pleadings, and orders served on Defendants in this action.

2. Defendants were both served with the Complaint on December 7, 2016.

3. To date, Defendants have not filed a responsive pleading in the State Court Action, and no other proceedings have transpired in that action.

4. Accordingly, Defendants are timely filling this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

## VENUE

5. The Superior Court of New Jersey, Middlesex County, is located within the District of New Jersey. *See* 28 U.S.C. § 110.

6. Therefore, venue for purposes of removal is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## BASIS FOR REMOVAL

7. This action is properly removable under 28 U.S.C. § 1441(b) because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. Plaintiff's Complaint alleges that the Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and asserts related claims under the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a *et seq.* ("NJWHL") and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12 *et seq*. ("NJLAD"). (*See* Exhibit A.)

9. By asserting a claim under federal law, namely, the FLSA, Plaintiff's Complaint asserts a federal question under 28 U.S.C. § 1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

## **SUPPLEMENTAL JURISDICTION**

10. This Court has supplemental jurisdiction over Plaintiff's state law claims for failure to pay overtime wages in violation of the NJWHL and hostile work environment, retaliation, and aiding and abetting liability under the NJLAD. (*See* Exhibit A, at Counts One through Three.)

11. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal cause of action "that they form part of the same case or controversy under Article III of the United States Constitution." (*Ibid.*). State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

12. Here, Plaintiff's state law claims for failure to pay overtime wages under the NJWHL and hostile work environment, retaliation, and aiding and abetting liability claims under the NJLAD relate closely to her claim under the FLSA because these claims all arise out of a common nucleus of operative facts—that is, Plaintiff's employment with Norton Lilly.

Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

## CONSENT OF ALL DEFENDANTS

14. All served Defendants have consented to the removal of this action.

## SERVICE UPON PLAINTIFF

15. In accordance with 28 U.S.C. §1446, copies of this Notice of Removal will be promptly served upon counsel for Plaintiff and filed with the Clerk of the Superior Court of New Jersey and the Clerk of the Superior Court in Middlesex County, New Jersey. A copy of Defendants' Notice of Filing to the State Court is attached hereto as Exhibit B.

## NO WAIVER OF DEFENSES

16. By removing this matter, Defendants do not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

**WHEREFORE**, Defendants respectfully request that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Superior Court of New Jersey, County of Middlesex, to the United States District Court for the District of New Jersey.

        Respectfully submitted,

        **OGLETREE, DEAKINS, NASH,**
        **SMOAK & STEWART, P.C.**

By: */s/ Carmen J. DiMaria*
    Carmen J. DiMaria, Esq.
    Michael J. Riccobono, Esq.
    10 Madison Avenue, Suite 400
    Morristown, New Jersey 07960
    Telephone: (973) 656-1600

Dated: January 5, 2017

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

I, Carmen J. DiMaria, Esq., counsel for Defendants Norton Lilly International, Inc. and Eugene Do, certify that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration or administrative proceeding, and that no other action or arbitration is contemplated.

By: */s/ Carmen J. DiMaria*
     Carmen J. DiMaria

Dated: January 5, 2017

# CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2017, the foregoing Notice of Removal was electronically filed with this Court and served *via* FedEx overnight delivery upon:

Clerk
Superior Court of New Jersey
County of Middlesex
56 Paterson Street
New Brunswick, New Jersey 08903

Clerk
Superior Court of New Jersey
Hughes Justice Complex
CN-971
Trenton, New Jersey 08625

Douglas V. Sanchez, Esq.
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP
Mack Cali Corporate Center
50 Tice Boulevard, Suite 363
Woodcliff Lake, New Jersey 07677
*Attorneys for Plaintiff*

By: */s/ Carmen J. DiMaria*
Carmen J. DiMaria, Esq.
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600